UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WELLTON INTERNATIONAL EXPRESS,
WELLTON EXPRESS INC,

                Plaintiffs,

- against -

BANK OF CHINA (HONG KONG), JP MORGAN CHASE BANK, WELLS FARGO BANK PLC and JOHN DOE and/or JANE DOE 1 THROUGH 10,

                Defendants.

Case No.: 1:19-cv-06834 (JPO)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT BANK OF CHINA (HONG KONG) LIMITED

ALLEN & OVERY LLP
Andrew Rhys Davies
Laila Metjahic
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Email: andrewrhys.davies@allenovery.com

*Attorneys for Defendant*
*Bank of China* (*Hong Kong*) *Limited*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

THE COMPLAINT ..............................................................................................................2

ARGUMENT .........................................................................................................................3

I. EVEN IF THE UCC WAS APPLICABLE HERE, THE COMPLAINT
ALLEGES NO FACTS SUPPORTING A CLAIM AGAINST DEFENDANT
BANK OF CHINA (HONG KONG) LIMITED ...................................................3

    A. Plaintiffs Have Pleaded No Viable UCC Claim Against BOCHK Because
the Complaint Does Not Allege that Wellton International Timely
Canceled Its Payment Order ........................................................................4

    B. The Claim Asserted by Wellton Express Is Not Viable for the Additional
Reason that Wellton Express Has No Relationship with BOCHK ............7

II. THE COMPLAINT ALSO PLEADS NO CLAIM UNDER HONG KONG LAW,
WHICH IS THE LAW THAT ACTUALLY GOVERNS THE OBLIGATIONS
OF DEFENDANT BANK OF CHINA (HONG KONG) LIMITED ..................8

CONCLUSION ...................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aleo Int'l, Ltd. v. Citibank*,
   160 Misc. 2d 950 (Sup. Ct. N.Y. Cty. 1994) ................................................................. 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................ 3

*Bayerische Hypo-Und Vereinsbank AG, v. HSBC Bank USA, N.A.*,
   No. 602761, 2015 WL 4455948 (Sup. Ct. N.Y. Cty. July 15, 2015), *aff'd as
   modified*, 144 A.D.3d 501 (1st Dep't 2016) .................................................................. 5

*Creazioni Artistiche Musicali, S.r.l. v. Carlin Am., Inc.*,
   No. 14-cv-9270 (RJS), 2016 WL 7507757 (S.D.N.Y. Dec. 30, 2016) ........................... 9

*Duffey v. Twentieth Century Fox Film Corp.*,
   14 F. Supp. 3d 120 (S.D.N.Y. 2014) .............................................................................. 9

*Fischer & Mandel v. Citibank, N.A.*,
   632 F.3d 793 (2d Cir. 2011) ........................................................................................... 5

*Fischer & Mandel v. Citibank, N.A.*, No. 09-cv-6916(RJS), 2010 WL 2484205
   (S.D.N.Y. May 27, 2010), *aff'd*, 632 F.3d 793 (2d Cir. 2011) ..................................... 6

*Gilbert v. Seton Hall Univ.*,
   332 F.3d 105 (2d Cir. 2003) ........................................................................................... 8

*Grain Traders, Inc. v. Citibank, N.A.*,
   960 F. Supp. 784 (S.D.N.Y. 1997), *aff'd* 160 F.3d 97 (2d Cir. 1998) ............................ 7

*Kafati v. Wells Fargo Bank*,
   No. 152064/2015, 2018 WL 1638801 (Sup. Ct. N.Y. Cty. Apr. 5, 2018) ....................... 8

*Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   597 F.3d 84 (2d Cir. 2010) ............................................................................................. 7

*Mandel v. Citibank, N.A.*,
   632 F.3d 793 (2d Cir. 2011) ........................................................................................... 5

*Mandel v. Citibank, N.A.*,
   No. 09-cv-6916(RJS), 2010 WL 2484205 (S.D.N.Y. May 27, 2010), *aff'd*,
   632 F.3d 793 (2d Cir. 2011) ........................................................................................... 6

*Nielsen v. AECOM Tech. Corp.*,
   762 F.3d 214 (2d Cir. 2014) ........................................................................................... 3

*O'Neill, Bragg & Staffin, P.C., v. Bank of America, Corp.*,
  No 18-cv-2109, 2018 WL 5921004 (E.D. Pa. Nov. 13, 2018), *appeal dismissed*, No. 18-3695 (3d Cir. May 6, 2019)..............................................................6

*In re Peaslee*,
  13 N.Y.3d 75 (2009) ...................................................................................................4

*In re Peaslee*,
  547 F.3d 177 (2d Cir. 2008)........................................................................................4

*Phil & Kathy's v. Safra Nat'l Bank of New York*,
  595 F. Supp. 2d 330 (S.D.N.Y. 2009).........................................................................9

*In re PSINet, Inc.*,
  271 B.R. 1 (Bankr. S.D.N.Y. 2001).............................................................................5

*Receivers of Sabena SA v. Deutsche Bank AG*,
  142 A.D.3d 242 (1st Dep't 2016)................................................................................7

*Song Chuan Tech. (Fujjian) Co. v. Bank of America, NA*,
  No. 2:16-3269-RMG, 2017 WL 1862207 (D.S.C. May 8, 2017).............................5, 6

*Wells Fargo Bank Minnesota v. BrooksAmerica Mortg. Corp.*,
  No. 02-4467, 2004 WL 2072358 (S.D.N.Y. Sept. 14, 2004) .....................................5

*Yamashita v. Scholastic Inc.*,
  936 F.3d 98 (2d Cir. 2019)..................................................................................2, 3, 5

**Statutes**

N.Y. U.C.C. § 4-A-103(a)(4)..............................................................................................4

N.Y. U.C.C. § 4-A-103(a)(5)..............................................................................................4

N.Y. U.C.C. § 4-A-202(2) ..............................................................................................7, 8

N.Y. U.C.C. § 4-A-209(1) ..................................................................................................4

N.Y. U.C.C. § 4-A-211 .......................................................................................................4

N.Y. U.C.C. § 4-A-211(2) ..................................................................................................4

N.Y. U.C.C. § 4-A-211(3) ..................................................................................................6

N.Y. U.C.C. § 4-A-212 .......................................................................................................7

N.Y. U.C.C. § 4-A-301(1) ..................................................................................................4

N.Y. U.C.C. § 4-A-507 .......................................................................................................8

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..................................................................................................1, 3

# PRELIMINARY STATEMENT

Plaintiffs seek to hold defendant Bank of China (Hong Kong) Limited ("BOCHK") liable under Article 4-A of the Uniform Commercial Code, complaining that BOCHK executed a payment order delivered by its customer, Plaintiff Wellton International Express ("Wellton International"). Wellton International attempted to cancel the payment order after learning that the beneficiary account did not belong to its affiliate, Plaintiff Wellton Express Inc., but rather to an unknown fraudster. But even if the UCC was applicable here, plaintiffs allege no facts to support an essential element of their Article 4-A claim—that the payment order was *timely* canceled so that BOCHK had a reasonable opportunity to act on the cancellation *before* it made the payment as instructed. To the contrary, the Complaint acknowledges that BOCHK had already executed the payment before Wellton International attempted to cancel it. This failure to allege facts showing a timely cancellation of the payment order prevents the Complaint from stating a plausible claim against BOCHK under UCC Article 4-A. The Complaint should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Moreover, the Complaint should be dismissed for the additional reason that it fails to state any plausible claim under Hong Kong law—the law that *actually* governs Hong Kong-based BOCHK's obligations to its Hong Kong-based customer, Plaintiff Wellton International. The Court may consider the Hong Kong-law-governed contract between those parties on this motion because the Complaint references and relies on the contract in support of the claim against BOCHK. As BOCHK demonstrates below, Hong Kong law and the Hong Kong-law-governed contract preclude any liability based on the facts alleged in the Complaint.

# THE COMPLAINT[1]

Defendant BOCHK is a commercial bank located in Hong Kong. *See* Complaint dated May 29, 2019 (attached as Ex. A to Notice of Removal, ECF No. 1-1) ("Compl.") ¶ 1. Plaintiff Wellton International Express ("Wellton International"), also located in Hong Kong, is a customer and accountholder at BOCHK. *See* Compl. ¶¶ 1-2. BOCHK is not alleged to have any relationship with Plaintiff Wellton Express Inc. ("Wellton Express").

In January 2019, Wellton International owed $152,357.61 to Wellton Express. *See* Compl. ¶ 3. Intending to pay that debt, Wellton International delivered a payment order to BOCHK, instructing BOCHK to wire $152,357.61 from Wellton International's account at BOCHK in Hong Kong to an account at Wells Fargo Bank in New York. *See* Compl. ¶ 3. BOCHK duly executed Wellton International's instruction, and the funds were deposited into the Wells Fargo account specified in the instruction. *See id.* The funds were immediately withdrawn, and the Wells Fargo account was closed. *See* Compl. ¶ 6.

After it delivered the payment order to BOCHK, Wellton International learned that the Wells Fargo account did not, in fact, belong to Wellton Express. *See* Compl. ¶ 3. Wellton International had been defrauded by an unknown computer hacker. In an email sent to Wellton International, the hacker impersonated Wellton Express, and instructed Wellton International to transfer the funds into the Wells Fargo account. *See* Compl. ¶ 3.

When Wellton International learned that the Wells Fargo account did not belong to Wellton Express, Wellton International attempted unsuccessfully to cancel the payment order. *See* Compl. ¶¶ 5-6. The Complaint does not disclose, however, *when* Wellton International instructed BOCHK to attempt to cancel the payment. In particular, the Complaint does not

---

[1] The factual allegations in the Complaint are accepted as true for purposes of this motion only. *See, e.g., Yamashita v. Scholastic Inc.*, 936 F.3d 98, 103 (2d Cir. 2019).

disclose how much time elapsed between delivery of the payment order and the alleged cancellation, and does not allege that Wellton International cancelled the payment order *before* BOCHK executed the payment order and made the payment to Wells Fargo. To the contrary, the Complaint alleges that Wellton International did not attempt to cancel the payment order until Wells Fargo questioned the incoming transfer. *See* Compl. ¶¶ 4-5. In other words, Wellton International did not attempt to cancel the payment order until after BOCHK had executed the payment.

## ARGUMENT

### I. EVEN IF THE UCC WAS APPLICABLE HERE, THE COMPLAINT ALLEGES NO FACTS SUPPORTING A CLAIM AGAINST DEFENDANT BANK OF CHINA (HONG KONG) LIMITED

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint's well-pleaded "'factual allegations must be enough to raise a right to relief above the speculative level.'" *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 104 (2d Cir. 2019) (quoting *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014)). It is not enough to plead facts that are "'merely consistent with a defendant's liability.'" *Yamashita*, 936 F.3d at 104 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Rather, the complaint must affirmatively plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In response to the motions to dismiss filed by the other two defendants, plaintiffs expressly "concede that they do not have a common law breach of contract cause of action or a common law negligence cause of action." ECF No. 19, at 13; ECF No. 20, at 9-10. Plaintiffs' counsel has confirmed in correspondence that this concession extends to their claims against BOCHK, and that, as to BOCHK, too, the Complaint asserts only claims under Article 4-A of the

Uniform Commercial Code ("UCC"). Therefore, BOCHK limits its arguments in this section to showing that plaintiffs have not plausibly pleaded any claim against BOCHK under Article 4-A.

> A. **Plaintiffs Have Pleaded No Viable UCC Claim Against BOCHK Because the Complaint Does Not Allege that Wellton International Timely Canceled Its Payment Order**

Wellton International asserts a claim under Article 4-A of the UCC, positing that BOCHK wrongfully failed to honor Wellton International's cancellation of its payment order. *See* Compl. ¶¶ 5-6. Dismissal is required because the Complaint does not allege an essential element of such a claim—that Wellton International's request to cancel the payment was *timely*, meaning that BOCHK receive the notice of cancellation before it made the payment.

Under the UCC, a unilateral cancellation of a payment order by the sender (in this case, Wellton International) is effective only if the receiving bank (in this case, BOCHK)[2] receives notice of cancellation "at a time and in a manner affording the receiving bank a reasonable opportunity to act on the communication *before* the bank accepts the payment order." N.Y. U.C.C. § 4-A-211(2) (emphasis added).[3] The receiving bank "accepts" a payment order by executing it. *See id.* § 4-A-209(1). And the bank "executes" the order by issuing its own payment order to the next bank in the chain (here, by instructing the intermediary bank, Chase, to pay Wells Fargo). *See id.* § 4-A-301(1); Compl. ¶ 3.

As the Official Commentary to the UCC recognizes, a payment order "will normally be executed shortly after receipt," so that "as a practical matter, the sender will have very little time

---

[2] Here, BOCHK was the "receiving bank" of the payment instruction in which the "sender," *i.e.*, Wellton International, instructed BOCHK to wire $152,357.61 to the Wells Fargo account. *See* N.Y. U.C.C. § 4-A-103(a)(4), (5). *See* Compl. ¶¶ 3-4, 6.

[3] *See also* N.Y. U.C.C. § 4-A-211, Official Cmt.1 ("If the conditions stated in this section are not met the attempted cancellation or amendment is ineffective."). Federal and state courts routinely refer to and rely on the Official Commentary to the UCC. *See, e.g., In re Peaslee*, 547 F.3d 177, 185 (2d Cir. 2008); *In re Peaslee*, 13 N.Y.3d 75, 80 (2009).

4

in which to instruct cancellation or amendment before acceptance." N.Y. U.C.C. § 4-A-211(2), Official Cmt. 3. Due to the speed with which wire payments are made, courts have held that receiving banks like BOCHK are not liable under Article 4-A for failing to cancel a payment even if they receive notice of cancellation very shortly after receiving the payment order, even the same day or the following day. *See Fischer & Mandel v. Citibank, N.A.*, 632 F.3d 793, 796, 801-02 (2d Cir. 2011); *Bayerische Hypo-Und Vereinsbank AG, v. HSBC Bank USA, N.A.*, No. 602761, 2015 WL 4455948, at *5-6 (Sup. Ct. N.Y. Cty. July 15, 2015), *aff'd as modified*, 144 A.D.3d 501 (1st Dep't 2016); *Aleo Int'l, Ltd. v. Citibank*, 160 Misc. 2d 950, 952 (Sup. Ct. N.Y. Cty. 1994).

The facts as to when Wellton International delivered the payment order to BOCHK and when it asked BOCHK to cancel that payment are obviously within the knowledge of Wellton International. Yet the Complaint omits that information, and fails, therefore, to disclose whether the interval between the order and the attempted cancellation was an hour, a day, a week, or more than two weeks. *See* Compl. ¶¶ 5-6. Moreover, by alleging that Wellton International attempted to cancel the payment order only after Wells Fargo questioned the incoming transfer, *see* Compl. ¶¶ 4-5, the Complaint acknowledges that BOCHK had already executed the payment before Wellton International attempted to cancel it. Because timely cancellation is an essential element of a claim under Article 4-A, the Complaint's failure to allege facts showing a timely cancellation means that it does not plausibly state a claim under Article 4-A. *See Yamashita*, 936 F.3d at 104. At least one other federal court has held that the failure to allege facts showing the timeliness of a cancellation notice requires dismissal of an Article 4-A claim at the motion-to-

dismiss stage. *See Song Chuan Tech. (Fujjian) Co. v. Bank of America, NA,* No. 2:16-3269-RMG, 2017 WL 1862207, at *3 (D.S.C. May 8, 2017).[4]

Moreover, as in *Song Chuan Technology (Fujjian) Co.*, the Complaint does not allege facts that would permit Wellton International to cancel its payment instruction *after* acceptance and execution by BOCHK. *See id.* at *3-4; *see also* N.Y. U.C.C. § 4-A-211(3).[5] *First*, there is no allegation that BOCHK agreed to cancel the payment order. To the contrary, here as in *Song Chuan Technology (Fujjian) Co.,* the filing of a lawsuit makes it obvious that BOCHK did not and does not agree to cancel the payment. *See Song Chuan Technology (Fujjian) Co.,* 2017 WL 1862207, at *4; *see also O'Neill, Bragg & Staffin, P.C., v. Bank of America Corp.*, No 18-cv-2109, 2018 WL 5921004, at * 8 (E.D. Pa. Nov. 13, 2018) (granting motion to dismiss UCC claims under Pennsylvania law, noting: "Here, there is no allegation that Bank of America agreed to cancellation—if it had, this matter would not be before the court."), *appeal dismissed*, No. 18-3695 (3d Cir. May 6, 2019). *Second*, as in *Song Chuan Tech. (Fujjian) Co.* and in *O'Neill, Bragg & Staffin, P.C.,* Wellton International does not allege that any funds transfer system rule permits the payment to be canceled without BOCHK's consent. *See Song Chuan*

---

[4] The court in *Song Chuan Tech. (Fujjian) Co. v. Bank of America, NA,* applied the UCC as enacted in South Carolina. *See* No. 2:16-3269-RMG, 2017 WL 1862207, at *2-4 (D.S.C. May 8, 2017). Because the UCC is a uniform statute, decisions of courts of other states are properly considered when interpreting New York's UCC. *Wells Fargo Bank Minnesota v. BrooksAmerica Mortg. Corp.*, No. 02-4467, 2004 WL 2072358, at 5 n. 11 (S.D.N.Y. Sept. 14, 2004) ("'Since the UCC has been adopted by all 50 states, and the UCC's purpose was to aid uniformity, decisions from other states are relevant.'") (quoting *In re PSINet, Inc.*, 271 B.R. 1, 43 (Bankr. S.D.N.Y. 2001)).

[5] The UCC permits a payment order to be canceled after it has been accepted by the receiving bank only if (a) the receiving bank agrees, or (b) a funds transfer system rule permits cancellation without the receiving bank's consent. *See* N.Y. U.C.C. § 4-A-211(3).

*Tech. (Fujjian) Co.*, 2017 WL 1862207, at *3; *O'Neill, Bragg & Staffin, P.C.*, 2018 WL 5921004, at *8.[6]

In opposition to the motions to dismiss filed by the other two defendant banks, plaintiffs have asserted that those banks are liable under the UCC unless they can prove that they accepted the payment orders in good faith and in compliance with commercially reasonable, contractually agreed security measures. *See* ECF No. 19, at 4-7; ECF No. 20, at 3-6. To the extent plaintiffs make that argument in response to this motion, it is baseless. The UCC provision that plaintiffs cite in support of their argument, N.Y. U.C.C. § 4-A-202(2), allocates the risk of loss when a bank executes a payment order that was *unauthorized* by the customer, for example, a payment order on which a fraudster forged the customer's signature. *See, e.g., Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 597 F.3d 84, 87-88 (2d Cir. 2010). Section 4-A-202(2) is irrelevant here, because the Complaint specifically alleges and acknowledges that the payment order delivered to BOCHK was duly authorized by Wellton International. *See* Compl. ¶¶ 3, 5.

**B.     The Claim Asserted by Wellton Express Is Not Viable for the Additional Reason that Wellton Express Has No Relationship with BOCHK**

Plaintiffs' UCC claim against BOCHK fails for the reason set forth in Point I.A. above. As to Plaintiff Wellton Express, that claim fails for the additional reason that Wellton Express is not alleged to have any relationship with BOCHK. Wellton Express is not a customer of BOCHK, and it did not engage BOCHK to make a payment. Wellton Express is merely the party that Wellton International intended to pay when it delivered the payment order to BOCHK.

The UCC expressly provides that a receiving bank "owes no duty to any party to the funds transfer except as provided in this Article [*i.e.*, Article 4-A] or by express agreement."

---

[6]     *See also Fischer & Mandel v. Citibank, N.A.*, No. 09-cv-6916(RJS), 2010 WL 2484205 (S.D.N.Y. May 27, 2010) ("No party describes, nor is the Court aware of, any funds-transfer system rule that allowed cancellations after acceptance."), *aff'd*, 632 F.3d 793 (2d Cir. 2011).

7

N.Y. U.C.C. § 4-A-212. There is no allegation of any agreement between BOCHK and Wellton Express. And nothing in Article 4-A imposes on a receiving bank any obligation to the intended beneficiary of a funds transfer. To the contrary, "'Article 4-A treats a funds transfer as a series of individual transactions, each of which involve[s] two parties dealing directly with each other.'" *Receivers of Sabena SA v. Deutsche Bank AG*, 142 A.D.3d 242, 254 (1st Dep't 2016) (quoting *Grain Traders, Inc. v. Citibank, N.A.*, 960 F. Supp. 784, 789 (S.D.N.Y. 1997), *aff'd* 160 F.3d 97 (2d Cir. 1998)). Therefore, the intended beneficiary of a payment order has no claim against a bank in the payment chain with which it is not in privity. *See Receivers of Sabena SA.*, 142 A.D.3d at 254-55 ("Sabena, the intended beneficiary of the EFT, was not a party to the payment order addressed to DBTCA, the intermediary bank, and Sabena therefore has no rights under that payment order.").

Moreover, to the extent Wellton Express seeks to assert a claim under N.Y. U.C.C. § 4-A-202(2), *see* ECF No. 19, at 6-7; ECF No. 20, at 5-6, BOCHK has shown that § 4-A-202(2) is entirely irrelevant here because it is admitted in the Complaint that the payment order was authorized by Wellton International. *Supra* at 7. But § 4-A-202(2) is irrelevant as to Wellton Express for the additional reason that that section imposes obligations to the bank's "customer," N.Y. U.C.C. 4-A-202(2), and confers no rights on a *non*-customer like Wellton Express, *see Kafati v. Wells Fargo Bank*, No. 152064/2015, 2018 WL 1638801, at *3-4 (Sup. Ct. N.Y. Cty. Apr. 5, 2018).

II. **THE COMPLAINT ALSO PLEADS NO CLAIM UNDER HONG KONG LAW, WHICH IS THE LAW THAT ACTUALLY GOVERNS THE OBLIGATIONS OF DEFENDANT BANK OF CHINA (HONG KONG) LIMITED**

As BOCHK has shown, plaintiffs have not successfully pleaded against BOCHK the only claim they purported to have asserted—a claim under Article 4-A of the UCC. *See* Point I, *supra*. But in fact, BOCHK's obligations in respect of the payment order delivered by Wellton

8

International to BOCHK are governed, not by the UCC, but rather by the law of Hong Kong. Because plaintiffs have pleaded no viable claim under the law of Hong Kong, the Complaint should be dismissed.

N.Y. U.C.C. § 4-A-507 supplies the choice-of-law rule in respect of disputes arising from payment orders,[7] and requires application of the law chosen by the parties or, absent such choice, the law of the jurisdiction where the receiving bank (here, BOCHK) is located. Here, that choice-of-law rule requires application of the law of Hong Kong. BOCHK is located in Hong Kong. *See* Compl. ¶ 1.[8] And Wellton International and BOCHK agreed that their relationship—including their rights and responsibilities with respect to the challenged payment—would be governed by Hong Kong law. *See* Decl. of Jason Lee dated Oct. 31, 2019 ("Lee Decl."), ¶¶ 4, 26; Decl. of Chan Man Kin dated Oct. 31, 2019 ("Kin Decl."), Ex. A, ¶ 24.11, Ex. B, ¶ 29.

The contract is properly considered on this motion to dismiss because the Complaint refers to that contract and relies on its terms in an attempt to plead a claim against BOCHK. In particular, one of the two counts asserted against BOCHK rests on the allegation that the contract between Wellton International and BOCHK imposes on BOCHK "contractual obligations to conform to a specific standard of conduct for the protection of [its] customers['] assets in [its] care and to protect such assets against unreasonable risk of loss." Compl. ¶ 12. When, as here, "a pleading relies heavily on the terms and effect of a document, that document is 'integral' to the pleading, and the court may consider it" at the motion-to-dismiss stage. *See Duffey v. Twentieth Century Fox Film Corp.*, 14 F. Supp. 3d 120, 124, n. 1 (S.D.N.Y. 2014) (Oetken, J.). The Court

---

[7] In a diversity case, the court applies the forum state's choice-of-law rules. *See Gilbert v. Seton Hall Univ.*, 332 F.3d 105, 109 (2d Cir. 2003).

[8] *See, e.g., Phil & Kathy's v. Safra Nat'l Bank of New York*, 595 F. Supp. 2d 330, 332 (S.D.N.Y. 2009) (applying New York's UCC to a dispute over a payment order because the receiving bank was located in New York).

also properly determines and applies foreign law in the context of a motion to dismiss, including by reference to the expert opinion of a lawyer qualified in the foreign law. *See Creazioni Artistiche Musicali, S.r.l. v. Carlin Am., Inc.*, No. 14-cv-9270 (RJS), 2016 WL 7507757 at *5 (S.D.N.Y. Dec. 30, 2016).

In an expert opinion that is being filed herewith in support of this motion, Hong Kong barrister Mr. Lee opines that, assuming the truth of the allegations in the Complaint and drawing all inferences in favor of plaintiffs, the Complaint does not state any viable claim against BOCHK under Hong Kong law. *See* Lee Decl. ¶¶ 3-4, 10, 57.

*First*, Mr. Lee opines that the Complaint does not state a claim in conversion under Hong Kong law. *See id.* ¶¶ 11-43. That is because the Complaint does not allege an essential element of that tort—that BOCHK transferred the funds out of Wellton International's account *without authority*. To the contrary, the Complaint alleges and acknowledges that Wellton International authorized BOCHK to make the payment. *See id.* ¶¶ 13-15; *see also* Compl. ¶¶ 3, 5. In addition, the Complaint does not state any claim for conversion based on the theory that BOCHK wrongfully failed to stop the payment, because it does not allege that Wellton International attempted to cancel the payment order *before* BOCHK acted on it. To the contrary, the facts alleged in the Complaint make clear that BOCHK had acted on the payment order before Wellton International attempted to cancel it. *See* Lee Decl. ¶¶ 28-31; *see also* Compl. ¶¶ 4-5. Further, Wellton Express has no claim in conversion because, under the circumstances alleged in the Complaint, Wellton Express never became the owner of the funds at issue. *See id.* ¶ 15.

Mr. Lee further opines that, separate and apart from the Complaint's failure to allege essential elements of a conversion claim under the law of Hong Kong, the contract between BOCHK and Wellton International precludes any such claim under Hong Kong law. Under those

10

contractual terms, the remitter, *i.e.*, Wellton International, is responsible for ensuring that the payment instructions are correct and that they reflect the remitter's intentions, and the remitter further agrees that BOCHK is not liable for any errors the remitter makes in the payment order. *See* Lee Decl. ¶¶ 16-27. Further, under the contract between the parties, BOCHK is not liable for failing to stop the payment in response to Wellton International's attempted cancellation of the payment order. *See id.* ¶¶ 32-42.

*Second,* Mr. Lee opines that the Complaint does not state any claim under Hong Kong law for negligent performance of BOCHK's contractual duties. *See id.* ¶¶ 44-51. For the same reason that the Complaint does not allege the BOCHK acted without authority for purposes of any conversion claim, it does not allege that BOCHK acted negligently, or in derogation of its duty to perform its contractual obligations with due care and skill, either. *See id.* ¶ 47.1. Further, the Complaint does not state any contractual claim or other on behalf of Wellton Express because there is no allegation of any contractual relationship between BOCHK and that entity. *See id.* ¶¶ 48, 54.

Further, separate and apart from the Complaint's failure to allege any claim under Hong Kong law for deficient performance of BOCHK's contractual obligations, Mr. Lee opines that any such claim is barred under the circumstances described in the Complaint by the terms of the contract between Wellton International and BOCHK. *See id.* ¶ 47.2.

*Third*, Mr. Lee opines that the Complaint does not allege any basis to hold BOCHK vicariously liable under Hong Kong law for the alleged negligence of the other banks involved in the payment at issue. *See id.* ¶¶ 50-56. The Complaint does not allege that those banks acted negligently, and so does not state any primary liability for which BOCHK could be vicariously liable. *See id.* ¶¶ 52-53. The Complaint also discloses no basis to impose on BOCHK any duty of

care towards a non-customer, Wellton Express. *See id.* ¶ 54. Finally, the contract between BOCHK and Wellton International precludes any liability for the conduct of any of the other banks that were involved in the payment at issue. *See id.* ¶ 55.

**CONCLUSION**

For all the foregoing reasons, the Court should dismiss the Complaint as against Defendant Bank of China (Hong Kong) Limited, and grant such other and further relief as the Court may consider appropriate.

Dated: November 4, 2019                  Respectfully submitted,

/s/ *Andrew Rhys Davies*
ALLEN & OVERY LLP
Andrew Rhys Davies
Laila Metjahic
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Email: andrewrhys.davies@allenovery.com

*Attorneys for Defendant*
*Bank of China* (*Hong Kong*) *Limited*