UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WELLTON INTERNATIONAL EXPRESS
and WELLTON EXPRESS INC.,

                                    Plaintiffs,                      19-CV-6834 (JPO)

                    -v-                                              OPINION AND ORDER

BANK OF CHINA (HONG KONG), *et al.*,
                                    Defendants.

J. PAUL OETKEN, District Judge:

On April 3, 2020, this Court granted Defendants JP Morgan Chase Bank's and Wells

Fargo Bank, N.A.'s motions to dismiss, and dismissed all of Plaintiffs' New York law claims

against Defendant Bank of China (Hong Kong) ("BOC").  *Wellton Int'l Express v. Bank of

China (Hong Kong)*, No. 19 Civ. 6834, 2020 WL 1659889 (S.D.N.Y. Apr. 3, 2020).  Given that

Hong Kong law governs what is left of this dispute and all U.S. defendants have been dismissed,

this Court ordered Plaintiffs Wellton International Express ("Wellton International") and Wellton

Express, Inc. ("Wellton Express") to show cause why this Court should not dismiss the rest of

this case under the doctrine of forum non conveniens.  *Id*.  BOC was given an opportunity to

respond.  *Id.*  For the reasons that follow, the case is dismissed.

## I.      Background

The Court assumes familiarity with the factual and procedural background of this case as

set forth in its prior opinion.  *See Wellton Int'l Express*, 2020 WL 1659889, at \*1.

## II.     Discussion

The doctrine of forum non conveniens permits dismissal of an action when "a court

abroad is the more appropriate and convenient forum for adjudicating the controversy."

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007).  Courts must start with "the assumption that the plaintiff's choice of forum will stand unless the defendant meets [its] burden of demonstrating" that "the chosen forum would be unnecessarily burdensome for the defendant or the court."  *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001) (en banc) (second quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 n.23 (1981)).  Courts then engage in a three-step analysis to assess whether a case should be dismissed under the doctrine of forum non conveniens.  Courts must (1) determine the degree of deference to be afforded to the plaintiff's choice of forum; (2) examine whether an adequate alternative forum exists; and (3) balance the private and public factors implicated in the choice of forum.  *See id*. at 73–74.

### A.  Deference to the Plaintiffs' Choice of Forum

"[T]he degree of deference given to a plaintiff's forum choice varies with the circumstances" of the case.  *Id.* at 71.  For example, while greater deference is given to a plaintiff whose choice of forum is "her home . . . because it is presumed to be convenient," lesser deference is afforded "when a foreign plaintiff chooses a U.S. forum, [because] it 'is much less reasonable' to presume that the choice was made for convenience."  *Id*. (second quoting *Piper Aircraft Co.*, 454 U.S. at 256).  Thus, "the greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the Unites States," the less likely it is that the lawsuit will be dismissed for forum non conveniens.  *Id*. at 72.  In deciding what level of deference to accord a plaintiff's choice of forum, the Court weighs factors that tend

to indicate convenience against factors that tend to indicate forum shopping.  *See Norex*

*Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 155 (2d Cir. 2005).[1]

Plaintiffs' choice of forum here is "entitled to a relatively low degree of deference."  *See*

*Aracruz Trading Ltd. v. Japaul Oil & Mar. Servs.*, *PLC*, No. 08 Civ. 3511, 2009 WL 667298, at

*4 (S.D.N.Y. Mar. 16, 2009).  Only one of the plaintiffs, Wellton Express, calls New York

home.  (Dkt. No. 1-1 ("Compl.") ¶ 1.)  However, the parties to the payment order that forms the

basis of Plaintiffs' claims were Wellton International and BOC.  (*See* Compl. ¶ 3.)  Wellton

Express was only the intended beneficiary of the payment order.  (*Id.*)  Because Wellton

International and BOC are both based in Hong Kong, Plaintiffs choice of forum "seemingly

bears no 'bona fide connection' to the events giving rise to this lawsuit."  *See Aracruz Trading*

*Ltd.*, 2009 WL 667298, at *4 (quoting *Iragorri*, 274 F.3d at 72).

Application of the convenience factors further confirms that little deference should be

given to Plaintiffs' choice of forum.  Because Wellton International is the primary plaintiff in

this lawsuit and is based in Hong Kong (*see* Compl. ¶ 1), the first convenience factor weighs in

favor of dismissal because Wellton International's residence is not in "the chosen forum."  *See*

*Norex Petroleum*, 416 F.3d at 155 (quoting *Iragorri*, 274 F.3d at 72).  The second convenience

factor also weighs in favor of dismissal because all of the "witnesses [and] evidence" likely to be

---

[1] The "convenience factors" weighing against dismissal include "[1] the convenience of the plaintiff's residence in relation to the chosen forum, [2] the availability of witnesses or evidence to the forum district, [3] the defendant's amenability to suit in the forum district, [4] the availability of appropriate legal assistance, and [5] other reasons relating to convenience or expense."  *Norex Petroleum Ltd.*, 416 F.3d at 155 (quoting *Iragorri*, 274 F.3d at 72) (internal quotation marks omitted).  The "forum-shopping factors," which weigh against giving deference to a plaintiff's choice of forum, include "[1] attempts to win a tactical advantage resulting from local laws that favor the plaintiff's case, [2] the habitual generosity of juries in the United States or in the forum district, [3] the plaintiff's popularity or the defendant's unpopularity in the region, or [4] the inconvenience and expense to the defendant resulting from litigation in that forum."  *Id.* (quoting *Iragorri*, 274 F.3d at 72) (internal quotation marks omitted).

relevant are in Hong Kong. *See id.* Any Wellton International employees that initiated or attempted to cancel the payment order are in Hong Kong, along with any relevant documentary evidence they may have in their possession. Similarly, any BOC employees who handled the payment order are also in Hong Kong, along with any relevant evidence of the payment order. (*See* Dkt. No. 41-1 ¶¶ 5–8.) Though Plaintiffs claim that "all of the witnesses and all of the evidence are here in New York" (Dkt. No. 39 at 4), they do not offer any examples of New York-based evidence or witnesses. And indeed, it would be surprising if all of the witnesses to and evidence of a payment order between two Hong Kong-based entities were located in New York. Finally, though BOC is seemingly "amenab[le] to suit in the forum district," the fourth and fifth factors support dismissal: "nothing in the record suggests that" the Plaintiffs "lose any advantage in the quality of legal representation available to them by having this case litigated in" Hong Kong; and it is far more convenient and less expensive, given that the bulk of the relevant witnesses and evidence are in Hong Kong, to have the case tried there rather than halfway around the world in New York. *See Norex Petroleum*, 416 F.3d at 155–56.

Because the "[t]he connections to the United States . . . are insubstantial in light of the fact that the vast majority of the activities alleged in the complaint were committed by foreign nationals on foreign soil," and the convenience factors point towards dismissal, this Court affords little deference to Plaintiffs' choice of forum. *See Acosta v. JPMorgan Chase & Co.*, 219 F. App'x 83, 86 (2d Cir. 2007).

## B. Adequate Alternative Forum

"A case cannot be dismissed on grounds of forum non conveniens unless there is presently available to the plaintiff an alternative forum that will permit it to litigate the subject matter of its dispute." *Norex Petroleum Ltd.*, 416 F.3d at 159. "An alternative forum is adequate

if the defendant[] [is] amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 75 (2d Cir. 2003) (citations omitted).

Contrary to Plaintiffs' unsubstantiated claim that the courts in Hong Kong would be unable to be "fair and impartial in this case" (Dkt. No. 39 at 7), this Court finds that Hong Kong is indeed an adequate alternative forum. Plaintiffs do not dispute either that Hong Kong law includes causes of action that cover Plaintiffs' claims, or that BOC is subject to the jurisdiction of the Hong Kong courts. (*See* Dkt. No. 41-2 ¶¶ 5–6; *see also* Dkt. No. 39.) Furthermore, "Hong Kong has uniformly been considered an adequate alternative forum for commercial disputes." *Glob. Tech Indus. Grp., Inc. v. Go Fun Grp. Holdings, Ltd.*, No. 17 Civ. 3727, 2017 WL 5036665, at *7 (S.D.N.Y. Nov. 2, 2017) (citations omitted).

Because there is an adequate alternative forum in Hong Kong, the second step in the analysis also points toward dismissal under the doctrine of forum non conveniens.

### C. *Gilbert* Private and Public Interest Factors

Finally, the court balances the *Gilbert* private and public interest factors to "determine[] the forum that will be most convenient and will best serve the ends of justice."[2] *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 46 (2d Cir. 1996) (citing *Gilbert*, 330 U.S. at 508–09). All

---

[2] The "private interest" *Gilbert* factors include "(1) ease of access to evidence; (2) the availability of compulsory process for the attendance of unwilling witnesses; (3) the cost of willing witnesses' attendance; (4) if relevant, the possibility of a view of the premises; and (5) all other factors that might make the trial quicker or less expensive." *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 29–30 (2d Cir. 2002) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947); *Iragorri*, 274 F.3d at 73–74). The "public interest" factors include "(1) administrative difficulties associated with court congestion; (2) the unfairness of imposing jury duty on a community with no relation to the litigation; (3) the 'local interest in having localized controversies decided at home;' and (4) avoiding difficult problems in conflict of laws and the application of foreign law." *Id.* at 31 (quoting *Gilbert*, 330 U.S. at 508–09).

of the relevant private interest factors point towards dismissing the case on forum non

conveniens grounds.  The bulk of the evidence that must be adduced to resolve this dispute is

located in Hong Kong.  (*See* Dkt. No. 41-1 ¶¶ 5–8.)  Most of the witnesses in this case are

located in Hong Kong, and a Hong Kong court is better equipped to compel the attendance of

any potential unwilling Hong Kong-based witnesses than is this Court.  (*Id.*; *see* Dkt. No. 41-2

¶ 11.)  Additionally, the cost of these overseas witnesses' attendance is considerable, which

includes transportation costs and translation services.  Therefore, "[t]he expense of forcing

Defendant's employees to travel to New York for trial . . . weighs in favor of the [foreign]

forum."  *Hyundai Merch. Marine Co. v. Mitsubishi Heavy Indus., Ltd.*, No. 14 Civ. 7965, 2015

WL 7758876, at *6 (S.D.N.Y. Dec. 1, 2015).

The relevant public interest factors also weigh in favor of dismissal.  As is now familiar,

this case concerns a payment order between a Hong Kong company and a Hong Kong bank

entered into in Hong Kong.  It is clear that Hong Kong has a much more compelling interest in

the resolution of this dispute than does New York.  Further, even "*the mere likelihood* of the

application of foreign law weighs in favor of dismissal."  *LaSala v. TSB Bank, PLC*, 514 F.

Supp. 2d 447, 463 (S.D.N.Y. 2007) (emphasis added).  And this Court has already determined

that Hong Kong law governs this dispute.  *Wellton Int'l Express*, 2020 WL 1659889, at *4.

"[A] district court should dismiss the action for *forum non conveniens* 'only if the chosen

forum is shown to be genuinely inconvenient and the [alternate] forum is significantly

preferable.'"  *Chigirinskiy v. Panchenkova*, No. 14 Civ. 4410, 2015 WL 1454646, at *8

(S.D.N.Y. Mar. 31, 2015) (alteration in original) (quoting *Iragorri*, 274 F.3d at 74–75).  Due to

the inconveniences presented by litigating this case in New York and the clear advantages of the

Hong Kong forum, this Court concludes that dismissal is warranted.

### III.     Conclusion

Accordingly, the case is hereby DISMISSED pursuant to the doctrine of forum non

conveniens.  The Clerk of Court is directed to close the case.

SO ORDERED.

Dated:  June 26, 2020
        New York, New York

_____
                 J. PAUL OETKEN
              United States District Judge